NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEIYING YUE, <br>             Plaintiff, <br> v. <br> SEENA C. AISNER, et al., <br>             Defendants. | Civil Action No.: 24-10413 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant Rutgers, the State University of New Jersey ("Rutgers") and defendant Ada Baisre DeLeon ("Baisre," and collectively with Rutgers, "Defendants")[1] motion to dismiss (ECF No. 21; *see also* ECF No. 21-1, "Br.") *pro se* plaintiff Weiying Yue's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). Plaintiff filed an opposition (ECF No. 22, "Opp.") and Defendants replied (ECF No. 23, "Reply").[2] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is granted.

## I.  **BACKGROUND**[3]

Plaintiff completed one year of pathology residency at Rutgers New Jersey Medical School ("Rutgers NJMS") from July 2018 to June 2019. Compl. at 6. On November 28, 2018, she received a notice of non-renewal of her contract for a second year of residency. *Id.* She alleges

---

[1] Plaintiff also named Seena Aisner as a Defendant but does not appear to have ever served Aisner.
[2] Plaintiff filed a letter requesting leave to file "supplement evidence" in support of her opposition to Defendants' motion to dismiss. ECF No. 25. Plaintiff then filed this supplemental submission without leave of the Court. ECF No. 29. In any event, the Court declines to consider this document because it includes numerous factual assertions not contained in the Complaint and Plaintiff may not amend her Complaint in briefing a motion to dismiss. *Wilkins v. Navy Fed. Credit Union*, No. 22-2916, 2023 WL 239976, at *14 (D.N.J. Jan. 18, 2023) (citing *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 302 n.4 (D.N.J. 2019)).
[3] The following facts are accepted as true for the purposes of the motion to dismiss.

that she received no explanation for the non-renewal. *Id.* Plaintiff appealed this decision according to Rutgers' grievance policy on December 14, 2018. *Id.* The appeal was allegedly approved by the Dean on June 30, 2019, but no further action was taken. *Id.* She also filed a discrimination complaint based on national origin and age with Rutgers' Office of Employment Equity in August 2019, which was denied in May 2020. *Id.*

Before leaving the program at Rutgers NJMS, Plaintiff was issued a training certificate, signed by the residency program leadership, confirming her satisfactory service. *Id.* Additionally, Rutgers allegedly "forced" Plaintiff to sign a reference liability release in order for the school to agree to provide references for other residency programs. *Id.*

Plaintiff contends that between 2019 and 2024, she was unsuccessful in obtaining a new residency position due to a negative reference from Rutgers. *Id.* She claims that she learned of "discrepancies" between her certificate of satisfactory service and the references provided by the Rutgers program director[4] to a program at the University of Massachusetts between 2021 and 2023. *Id.* She further asserts that the program director disclosed the "inappropriate information" that she was involved in a lawsuit. *Id.* Plaintiff was unsure, however, "whether this referred to a malpractice suit or the discrimination complaint." *Id.* Plaintiff asserts that the poor references raise concerns of "retaliation, defamation, [and] confidentiality breaches by the Rutgers program director." *Id.* She adds that the reference information provided "could fuel fear and bias in [her] potential employers, leading to discriminatory treatment of [her] training application," and that she has been unable to secure a new residency position as a result. *Id.*

---

[4] Plaintiff has named two different program directors—Aisner and Baisre—as Defendants. It is unclear which program director she is referring to in her Complaint.

2

Plaintiff demands compensation for lost wages, the correction of her evaluation to reflect her actual performance, removal of the program director from her reference list, and compensation for mental distress and other training expenses. *Id.* at 7. Defendants move to dismiss the Complaint for failure to state a claim.[5]

## II. LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

---

[5] Rutgers also moves to dismiss the Complaint under Rule 12(b)(5) for insufficient service of process. Br. at 6. It contends that Plaintiff served the summons at a Rutgers medical building rather than its principal place of business. *Id.* "[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Here, the Court exercises its discretion not to dismiss the Complaint as to Rutgers for insufficient service of process. *See D'Antonio v. Borough of Allendale*, No. 16-816, 2017 WL 701384, at *8 (D.N.J. Feb. 21, 2017). The Court does this in light of Plaintiff's *pro se* status and the Court's decision, explained below, to dismiss the Complaint without prejudice for failure to state a claim. *See id.* Should Plaintiff choose to amend her Complaint, she will be afforded an opportunity to effect service on Rutgers in conformity with Federal Rule of Civil Procedure 4.

3

## III. DISCUSSION

Given Plaintiff's *pro se* status, the Court construes the Complaint liberally to identify her claims. *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *2 (D.N.J. Jan. 17, 2020). The Court construes Plaintiff's Complaint as raising national origin and age employment discrimination claims and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD"), and the Age Discrimination in Employment Act of 1967 ("ADEA") against Rutgers.[6] She also appears to assert defamation and tortious interference claims against Rutgers and a pathology program director.

### A. Discrimination

Plaintiff fails to state a claim for discrimination under Title VII, the NJLAD, or the ADEA.[7] The analysis of claims under Title VII and the NJLAD are practically the same. *Subh v. Sec. Guard, Inc.*, No. 23-1462, 2023 WL 8447889, at *3 n.5 (D.N.J. Dec. 6, 2023). Additionally, the elements of national origin discrimination under Title VII and age discrimination under the ADEA are functionally the same, except for the definition of the protected classes. *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 n.6 (3d Cir. 2003). Under any of these statutes, Plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was

---

[6] There is no individual liability under Title VII, the NJLAD, or the ADEA. *See Nelson v. Allan's Waste Water Serv., Inc.*, No. 11-1334, 2014 WL 109087, at *2 (W.D. Pa. Jan. 10, 2014) (Title VII); *Charles v. Mott's LLP*, No. 17-2879, 2018 WL 2002794, at *5 n.5 (D.N.J. Apr. 30, 2018) (NJLAD); *Garde-Hill v. Cadbury at Cherry Hill, Inc.*, No. 15-8865, 2016 WL 3769354, at *2 (D.N.J. July 14, 2016) (ADEA). Accordingly, Plaintiff may only proceed on claims under these laws against Rutgers.

[7] The Court notes that Defendants have raised a statute of limitations argument based on an alleged EEOC complaint filed by Plaintiff. *See* Br. at 7. Defendants further contend that any claims under federal discrimination statutes not addressed in the EEOC complaint would also be barred as untimely and for failure to exhaust administrative remedies. *Id.* at 7–8. Because the Court finds that Plaintiff has failed to state any discrimination claim, it does not consider these arguments at this time.

subject to an adverse employment action despite being qualified; and (4) that adverse action occurred under circumstances giving rise to an inference of discrimination. *Subh*, 2023 WL 8447889, at *3. To survive a motion to dismiss, a complaint of employment discrimination need not provide the evidence necessary to establish a prima facie case, but it must contain some factual matter to support the plausibility of the claim. *Liggon v. Simmons Pet Food*, No. 15-1472, 2015 WL 1189561, at *3 (D.N.J. Mar. 13, 2015).

Plaintiff fails to allege that the non-renewal of her contract gives rise to an inference of discrimination based on national origin. She does not provide any factual support for this claim. *See id.* (dismissing a race discrimination claim where the plaintiff did not "allege even a single specific act" by defendants to support plaintiff's claim). Accordingly, to the extent that Plaintiff seeks to raise a claim of national origin discrimination under Title VII and the NJLAD against Rutgers, that claim is dismissed without prejudice.

Plaintiff also fails to allege facts to support an age discrimination claim as to her non-renewal. She has not provided her age at the time of the alleged discrimination, which would allow the Court to determine if she was over forty and therefore part of the ADEA's protected class. *See Walega v. Lackawanna Cnty. Gov't Off.*, No. 21-2006, 2022 WL 19039454, at *8 (M.D. Pa. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL 1795811 (M.D. Pa. Feb. 7, 2023). Further, Plaintiff has not asserted any facts to show an inference of discrimination. *Id.* Accordingly, to the extent that she seeks to raise an age discrimination claim against Rutgers, that claim is dismissed without prejudice.

B.   **Retaliation**

A retaliation claim under Title VII, the NJLAD, or the ADEA requires Plaintiff to show that (1) she engaged in protected activity; (2) the employer took an adverse employment action

against her; and (3) there was a causal connection between the protected activity and the adverse employment action. *McKenith v. Borough of Wilkinsburg*, No. 20-1361, 2021 WL 3913973, at *3 (W.D. Pa. Sept. 1, 2021).

Plaintiff has failed to sufficiently allege a causal link between any protected activity and an adverse employment action. An inference of causality may be raised by "[u]nusually suggestive temporal proximity between the protected activity and the adverse employment action." *Biddle v. Grandview Hosp.*, No. 14-6614, 2015 WL 1293211, at *5 (E.D. Pa. Mar. 20, 2015) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)). Plaintiff asserts that she filed a discrimination complaint with Rutgers in August 2019, which was ultimately denied in May 2020. Compl. at 6. The only specific instance of a negative reference cited by Plaintiff occurred in 2021 at the earliest. *Id.* This period—at least seven months—between the denial of her complaint and the allegedly negative reference is not unusually suggestive of retaliatory motive. *See Groeber v. Friedman and Schuman, P.C.*, 555 F. App'x 133, 136 (3d Cir. 2014) (finding that an adverse action three months after the alleged protected activity was not "unusually suggestive" of retaliatory motive).

Even absent temporal proximity, the Court may consider other facts to infer a causal connection, including "ongoing antagonism or retaliatory animus" or "inconsistencies in the employer's articulated reasons for" the adverse action. *Biddle*, 2015 WL 1293211, at *5. Plaintiff, however, has not provided any such facts. *See id.* The Complaint thus does not "raise a reasonable expectation that discovery will reveal evidence of [causation]." *Id.* (alteration in original) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)). Accordingly, the Court will dismiss any claim for retaliation asserted in the Complaint without prejudice.

### C. Defamation and Tortious Interference

Under the New Jersey Tort Claims Act ("TCA"), public entities such as Rutgers and their employees are entitled to notice of state law tort claims before a plaintiff may bring those claims in a lawsuit. *See Baskerville v. Jackson*, No. 15-6463, 2016 WL 4487851, at *4 (D.N.J. Aug. 24, 2016). The TCA requires plaintiffs to give such notice within ninety days after the cause of action has accrued. *See* N.J. Stat. Ann. § 59:8-8; *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J. Sup. Ct. App. Div. Apr. 29, 2011); *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). This notice requirement applies to common law intentional tort claims. *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004). This ninety-day notice period may be extended by a court upon a finding of "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed," but only if the plaintiff files a late notice "within one year after the accrual of his claim." N.J. Stat. Ann. § 59:8-9; *see also Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Sup. Ct. App. Div. Mar. 11, 2014). Plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claim. *See* N.J. Stat. Ann. § 59:8-8. Notice is important because it provides state agencies the "opportunity to investigate the claims, and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices." *Mawhinney v. Francesco*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. June 22, 2010) (quoting *Velez v. City of Jersey City*, 850 A.2d 1238, 1244 (N.J. 2004)). Failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Sup. Ct. App. Div. Oct. 24, 2014).

Plaintiff was required to comply with the procedures of the TCA because she appears to assert two intentional tort claims—defamation and tortious interference—against a public entity

7

and its employees. *See Wanco v. Twp. of Rochelle Park*, No. 14-7413, 2017 WL 3158752, at *10 (D.N.J. July 24, 2017) (defamation); *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 353–54 (D.N.J. 2015) (tortious interference). Because Plaintiff does not allege that she complied with the TCA notice procedures, the Court will dismiss her defamation and tortious interference claims without prejudice.[8] *See Evans*, 124 F. Supp. 3d at 354.

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 17th day of September, 2025;

**ORDERED** that Defendant's motion to dismiss (ECF No. 21) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order. Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that should Plaintiff choose to amend her Complaint, she shall serve her Amended Complaint upon Rutgers in accordance with the relevant Federal Rules of Civil Procedure.

**ORDERED** that the Clerk of the Court is directed to mark this case as **CLOSED**.

---

[8] If Plaintiff did in fact provide the requisite notice, she should indicate so in her amended Complaint.

**SO ORDERED.**

*s/ Claire C. Cecchi*
        **CLAIRE C. CECCHI, U.S.D.J.**