**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WEIYING YUE,<br>Plaintiff,<br>v.<br>SEENA C. AISNER, et al.,<br>Defendants. | Civil Action No.: 24-10413<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion of defendant Rutgers, the State University of New Jersey ("Rutgers") and defendant Ada Baisre DeLeon ("Baisre," and collectively with Rutgers, "Defendants")[1] to dismiss *pro se* plaintiff Weiying Yue's ("Plaintiff") First Amended Complaint, ECF No. 55 ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 56; *see also* ECF No. 56-1 ("Br."). Plaintiff filed an opposition, ECF No. 57 ("Opp."), and Defendants replied. ECF No. 61 ("Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

## I. BACKGROUND[2]

### A. Factual History

Plaintiff began a year of medical residency at Rutgers in July 2018. FAC at 3; *see also* ECF No. 56-2 ("Belanger Cert."), Ex. B (employment contract). In November 2018, she learned

[1] Plaintiff also named Seena Aisner as a defendant but does not appear to have ever served this individual. *See* ECF No. 56-1 at 1 n.1.

[2] For purposes of this motion to dismiss, the Court accepts the complaint's well-pled factual allegations as true, construes them in the light most favorable to Plaintiff, and draws all reasonable

that her contract would not be extended beyond one year. FAC at 3. The next month, Plaintiff appealed that decision pursuant to an agreement between Rutgers and the Committee of Interns and Residents (the "CIR Agreement"), which was incorporated into her employment contract. *Id.*; *see also* Belanger Cert., Ex. B § 11; *id.*, Ex. C (CIR Agreement).[3]

In June 2019, Plaintiff contacted her union and the dean of the medical school to inquire on the status of her appeal. FAC at 3. Later that month, the dean of the medical school "formally approved Plaintiff's appeal request," but Plaintiff alleges that she never received the "appeal hearing guaranteed under Rutgers' grievance policy." *Id.* at 3–4. Her contract ultimately expired at the end of that month. *Id.* at 3.

In August 2019, after her contract had already expired, Plaintiff filed a discrimination complaint with the Rutgers Office of Employment Equity. FAC at 4. Specifically, she asserted that she was discriminated against based on her Chinese national origin and age. *Id.* Rutgers subsequently dismissed Plaintiff's complaint in April 2020. *Id.*

Following her departure from Rutgers, Plaintiff began applying to other residency programs. *Id.* at 4–6. She asserts, however, that she was unsuccessful in finding employment because Defendants provided these programs with negative and allegedly inaccurate references. *Id*. First, Ohio State University "cancelled its offer" to Plaintiff in May 2020 after Defendants provided their reference, which Plaintiff alleges contained "damaging and misleading information." *Id.* at 4–5. Next, the University of Massachusetts rejected Plaintiff's application in

---

inferences in Plaintiff's favor. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022).

[3] Plaintiff's claims rely on her employment agreement and the CIR Agreement and Plaintiff does not dispute the authenticity of the versions submitted by Defendants. *See* FAC at 8; Opp. The Court may therefore consider these documents in deciding this motion without converting it to a motion for summary judgment. *See Motor v. Wesco Distribut., Inc.*, 102 F.4th 172, 178 (3d Cir. 2024).

2022 after receiving a reference from Defendants, which she alleges falsely indicated that Plaintiff "was involved in a lawsuit or malpractice matter." *Id.* at 5. Finally, in June 2023, the University of Massachusetts rejected a renewed application from Plaintiff after Defendants provided a reference, which again apparently included "the false 'lawsuit' allegation." *Id.* at 5–6. With respect to both of these applications, Plaintiff alleges that Baisre, as a medical program director at Rutgers, communicated with the University of Massachusetts. *Id.*

Plaintiff believed that these negative references were in retaliation for her filing the internal discrimination complaint in 2019. *Id.* at 6. As a result, she filed a charge with the Equal Employment Opportunity Commission ("EEOC") in September 2024, claiming that she was a victim of retaliation. *Id.* Plaintiff apparently learned through the EEOC investigation that Defendants had provided the University of Massachusetts with her "PGY-1 milestone evaluation." *Id.* She alleges that this document "conflicted" with her "PGY-1 training certification," which confirmed the "satisfactory completion of her first year of residency." *Id.* at 4–6. The EEOC ultimately dismissed Plaintiff's charge as untimely but granted her the right to sue. Belanger Cert., Ex. E.

### B. Procedural History

The Court previously dismissed Plaintiff's original complaint without prejudice. ECF No. 48. Construing the *pro se* complaint liberally, the Court found that Plaintiff was seeking to assert national origin and age discrimination claims under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the New Jersey Law Against Discrimination ("NJLAD") against Rutgers, as well as claims for retaliation under the same. *Id.* at 4. It also construed the complaint as raising claims for defamation and tortious interference against both Defendants. *Id.* With respect to the discrimination and retaliation causes of action,

the Court concluded that Plaintiff had failed to plausibly state a claim. *Id.* at 4–6. With respect to the defamation and tortious interference claims, it found that Plaintiff had not alleged that she had complied with the New Jersey Tort Claims Act by providing advance notice of her claims to Defendants. *Id.* at 7–8. Accordingly, the Court dismissed the complaint without prejudice. *Id.* at 8.

Plaintiff now asserts three counts in her FAC: (1) retaliation under Title VII, the ADEA, and the NJLAD; (2) violation of her procedural due process rights under 42 U.S.C. § 1983; and (3) breach of contract. FAC at 6–8.[4] Defendants again move to dismiss. ECF No. 56.

## II. LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008). Additionally, courts "must construe pro se pleadings liberally." *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

---

[4] Unlike her original complaint, the FAC explicitly identifies the claims that Plaintiff is seeking to assert. *See generally* ECF No. 1; FAC.

## III. DISCUSSION

### A. Retaliation Claims

To state a retaliation claim under Title VII, the ADEA, and the NJLAD, Plaintiff must plausibly allege that (1) she engaged in protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between the protected activity and the adverse employment action. *McKenith v. Borough of Wilkinsburg*, No. 20-1361, 2021 WL 3913973, at *3 (W.D. Pa. Sept. 1, 2021); *see also Stafford v. Fiserv Sols. LLC*, No. 24-10009, 2026 WL 215880, at *2 (D.N.J. Jan. 28, 2026). Defendants argue, among other things, that Plaintiff has failed to sufficiently plead the third element of this claim. Br. at 17–22; Reply at 4–5.

Plaintiff has not plausibly alleged causality. An inference of causality may be raised by an "[u]nusually suggestive temporal proximity between the protected activity and the adverse employment action." *Biddle v. Grandview Hosp.*, No. 14-6614, 2015 WL 1293211, at *5 (E.D. Pa. Mar. 20, 2015) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)). Plaintiff asserts that she engaged in protected activity when she filed a discrimination complaint with Rutgers in August 2019.[5] FAC at 4, 6. The first adverse action—a negative reference—that she complains about occurred in May 2020 in connection with an application to Ohio State University. *Id.* This approximately nine-month gap is not unusually suggestive of a retaliatory

[5] The relevant date for Plaintiff's protected activity is when she filed the complaint, not when Rutgers ultimately completed its investigation and dismissed the complaint. *See Moore v. Shinseki*, 487 F. App'x 697, 698 (3d Cir. 2012) (stating that the filing of an EEOC complaint is the protected activity, not the EEOC's dismissal of that complaint); *Dolan v. Penn Millers Ins. Co.*, No. 09-2041, 2014 WL 2047897, at *11 (M.D. Pa. May 19, 2014) (stating that the filing of an HR complaint was the protected activity, not HR's completion of the investigation into that complaint), *aff'd*, 625 F. App'x 91 (3d Cir. 2015); *Johnakin v. City of Phila.*, No. 95-1588, 1997 WL 381773, at *4 (E.D. Pa. June 27, 1997) ("The date to establish the protected activity is not [the] final determination by the EEOC but rather [the] filing of the original EEOC complaint.").

motive. *See Groeber v. Friedman and Schuman, P.C.*, 555 F. App'x 133, 136 (3d Cir. 2014) (finding that an adverse action three months after the alleged protected activity was not "unusually suggestive" of retaliatory motive); *Coleman v. Children's Hosp. of Phila.*, No. 22-1445, 2022 WL 3597236, at *4 (E.D. Pa. Aug. 23, 2022) (holding that a six-month gap between the asserted protected activity and adverse action was insufficient to plead a causal connection).[6]

Even absent temporal proximity, the Court may consider other facts to infer a causal connection, including "ongoing antagonism or retaliatory animus" or "inconsistencies in the employer's articulated reasons for" the adverse action. *Biddle*, 2015 WL 1293211, at *5. However, Plaintiff has not alleged any facts suggesting such antagonism or animus. *See id.* (finding that the plaintiff had not plausibly alleged a pattern of antagonism or animus when he had not "describe[d] any other events occurring between the time" he complained and the time he suffered an adverse action). Nor is there any indication that Defendants articulated any particular reasons—let alone inconsistent reasons—for why they were providing allegedly negative references to other residency programs. *See Salvato v. City of Phila.*, No. 19-2079, 2020 WL 247880, at *6 (E.D. Pa. Jan. 15, 2020) (concluding that the plaintiff had failed to plead a causal connection where there were no allegations to show that the defendant had provided inconsistent explanations for its actions); *Solanki v. Ashland, LLC*, No. 23-22638, 2026 WL 207249, at *5 (D.N.J. Jan. 27, 2026) (dismissing retaliation claims for failure to plead a causal connection where the complaint "contain[ed] no allegations of a pattern of inconsistent explanations, or any

[6] Plaintiff alleges that the cyclical nature of residency applications meant that there would necessarily be a long gap between her complaint and Defendants' provision of negative references. FAC at 7. Even if the Court were to disregard the lack of temporal proximity, for reasons discussed herein, Plaintiff has not plausibly alleged any other facts from which to infer a causal connection.

explanation offered" by the defendant for the asserted adverse action). Accordingly, Defendants' motion to dismiss the retaliation claims is granted.

### B. Procedural Due Process Claim

Plaintiff's procedural due process claim has two components. First, she complains that Rutgers did not follow the correct procedures in 2019 related to the appeal of the non-renewal of her contract. FAC at 3–4, 7–8. Second, Plaintiff asserts that from 2020 through 2023, Rutgers violated her due process right to pursue her chosen profession by disseminating "stigmatizing statements" to other residency programs that she alleges led to the denial of her applications. *Id.* at 4–8. Defendants argue that this claim is time barred and that Plaintiff otherwise fails to plead a plausible claim for relief. Br. at 22–24; Reply at 5–7.

Plaintiff's claim with respect to her appeal is untimely. However, Plaintiff has plausibly pled a timely due process claim based on some of the purportedly stigmatizing statements.

#### *i. Some Aspects of This Claim Are Untimely*

A due process claim under section 1983 is subject to a two-year statute of limitations. *Fogg v. Twp. of Montclair Dep't of Police*, No. 23-809, 2024 WL 4024092, at *3 (D.N.J. Aug. 30, 2024). The limitations period begins to run when a plaintiff "is on notice of the [alleged due process] violations." *Id.* (citing *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014)). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Jager v. Dep't of Env't Prot.*, No. 20-15, 2021 WL 1176820, at *4 (W.D. Pa. Mar. 29, 2021).

Plaintiff filed the initial complaint in this matter in November 2024. ECF No. 1. The statute of limitations may be evaluated from the date of that filing if the procedural due process claim in the FAC "relates back" to the original complaint under Federal Rule of Civil Procedure 15(c). *Howze v. City of Pittsburgh*, No. 16-1298, 2019 WL 5456639, at *4 (W.D. Pa. Oct. 24,

2019). Under this rule, an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." *Mulholland v. Phila. Sch. Dist.*, No. 25-2171, 2025 WL 2414164, at *4 (E.D. Pa. Aug. 20, 2025) (quoting Fed. R. Civ. P. 15(c)(1)(B)). Relation back requires the "existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)). "Such a common core of operative facts exists when 'the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds.'" *Id.* (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). "Thus, amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)." *Id.* (quoting *Bensel*, 387 F.3d at 310). Additionally, "[t]he relation back rule is remedial and should be liberally construed and applied." *Curran v. Trowbridge*, No. 23-19, 2026 WL 1781993, at *5 (W.D. Pa. June 22, 2026).

Plaintiff's due process claim relates back to the original complaint. In that pleading, Plaintiff alleged that Defendants failed to take action on her appeal as required by Rutgers' grievance policy. ECF No. 1 at 6. Additionally, she asserted that Defendants had disclosed "inappropriate information" in references to other residency programs, including by purportedly disclosing that she "was involved in a 'lawsuit.'" *Id.* Because the allegations concerning Plaintiff's due process claim in the FAC "amplif[y] the factual circumstances surrounding" the events laid out in the original complaint, *see* FAC at 3–6, the "amendment adding the § 1983 claim relates back under Rule 15(c) to the date the original [c]omplaint was filed." *Mulholland*, 2025 WL 2414164, at *2, *4–5 (permitting a newly asserted section 1983 claim to relate back even

where the original complaint did not explicitly identify such a claim). Thus, Plaintiff's due process claim is untimely to the extent that it clearly accrued before November 14, 2022—two years before the original complaint was filed. *See* ECF No. 1.

Even relating Plaintiff's due process claim back to the original complaint, any asserted violation based on the appeal of her non-renewal at Rutgers is barred by the two-year statute of limitations. These alleged actions all occurred in 2018 and 2019. FAC at 7 (alleging that Defendants violated her due process rights by "[f]ailing to conduct the grievance appeal approved by the GME Dean in June 2019"). She was aware of these asserted violations when they happened, and thus a claim based on this conduct could be asserted no later than 2021. *See id.* at 3 (alleging that she was made aware of her appeal rights in 2019). Accordingly, a procedural due process claim based on these allegations is untimely. *See Byrd v. Finley*, No. 19-6879, 2023 WL 1420445, at *8 (D.N.J. Jan. 31, 2023) (dismissing as untimely a procedural due process claim that was "plainly time barred," as it accrued more than two years before the plaintiff asserted the claim in court).

However, Plaintiff's due process claim based on purportedly "stigmatizing statements" is not clearly time barred. She alleges that Defendants made such statements in 2022 and 2023 to the University of Massachusetts. *See* FAC at 5–6. Although a due process violation accruing before November 14, 2022, would fall outside of the statute of limitations, it is not "apparent on the face" of the FAC when Defendants made the complained-of statements in 2022. *Jager*, 2021 WL 1176820, at *4 (denying a 12(b)(6) motion to dismiss on statute of limitations grounds where the pleading only made clear that the events in question occurred at some point in a given period). Accordingly, dismissal of the due process claim based on these alleged "stigmatizing statements" on statute of limitations grounds is denied.

*ii. Plaintiff Has Plausibly Alleged a "Stigma-Plus" Due Process Claim*

Construing the FAC liberally, Plaintiff has plausibly alleged a due process violation based on "stigmatizing statements." Although "reputation alone is not a liberty interest protected by the due process clause," Plaintiff may establish a due process violation through a so-called "stigma-plus" claim. *McClendon v. Sch. Dist. of Philadelphia*, No. 23-138, 2023 WL 4237080, at *5 (E.D. Pa. June 28, 2023). This requires Plaintiff to plausibly allege "stigma to [her] reputation plus deprivation of some additional right or interest." *Id.* (quoting *Dee v. Borough of Dunmore*, 549 F.3d 225, 233–34 (3d Cir. 2008)). To sufficiently plead stigma, Plaintiff must show that the "stigmatizing statements were false and that the statements were made publicly." *Id.* The "plus" prong can be satisfied by showing that these statements deprived Plaintiff of her "liberty to pursue a calling or occupation." *Id.* at *6 (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006)).

*a. "Stigma" Prong*

Plaintiff has plausibly alleged stigma as to some statements. She asserts that the University of Massachusetts asked her twice about a "lawsuit" after Defendants provided a reference. FAC at 4–5. Plaintiff further alleges that she was never involved in such a lawsuit or malpractice action, and thus Defendants' purported statements were false. *Id.* Accordingly, and contrary to Defendants' arguments, Br. at 23–24, she has sufficiently asserted stigma as to these statements. *See McClendon*, 2023 WL 4237080, at *5–6 (finding that the plaintiff adequately alleged stigma where he asserted that the defendant falsely indicated in a reference form to a prospective employer that the plaintiff had been subject to a misconduct investigation).

However, Plaintiff has not plausibly alleged stigma as to Defendants' provision of her "PGY-1 milestone evaluation" to the University of Massachusetts. She asserts that this evaluation was "negative" and "contradicted her PGY-1 certificate" of satisfactory completion of the first

year of her residency program. FAC at 2, 4–8. But she does not assert that the statements contained in this evaluation were false, which is fatal to her claim. *See Werner v. Cnty. of Northampton*, 350 F. App'x 724, 726 (3d Cir. 2009) ("Having failed to allege the falsity of the statement at issue, [the plaintiff] failed to state a claim under the 'stigma-plus' test . . . ."); *Carroll v. Lackawanna Cnty.*, No. 12-2308, 2013 WL 6147837, at *4 (M.D. Pa. Nov. 22, 2013) (dismissing a stigma-plus claim where the plaintiff failed to allege that the content of the challenged statements were false). Accordingly, she has not plausibly alleged stigma as to the "PGY-1 milestone evaluation."

*b. "Plus" Prong*

Plaintiff has also plausibly alleged the "plus" prong as to the statements concerning the purported lawsuit. She asserts that these stigmatizing statements have prevented her from obtaining employment in other residency programs. FAC at 5–6. At this stage, these assertions suffice to show that Defendants' actions "may have implicated 'some additional right or interest'"—namely, Plaintiff's right to pursue her chosen profession. *McClendon*, 2023 WL 4237080, at *6 (citation omitted). Plaintiff has therefore sufficiently stated a stigma-plus due process claim with respect to the alleged false lawsuit statements.

*c. Exhaustion of Grievance Procedures*

Defendants also argue that Plaintiff's claim is barred because she failed to pursue the grievance process set forth in the CIR Agreement. Br. at 26–28. Generally, "[w]here there is an available grievance process, a plaintiff alleging a procedural due process violation must pursue that process before seeking redress in the courts." *Mariano v. Borough of Dickson City*, No. 13-97, 2013 WL 6234622, at *3 (M.D. Pa. Dec. 2, 2013). But the failure to exhaust such remedies under a collective bargaining agreement like the CIR Agreement is an affirmative defense, *id*, and it must be apparent on the face of the complaint. *Jasim v. Port Auth. of Allegheny Cnty.*, No. 17-

1317, 2018 WL 1122690, at *2 (W.D. Pa. Mar. 1, 2018). However, a plaintiff is not required to plead "facts sufficient to overcome" such a defense. *Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *2 (3d Cir. Apr. 22, 2022) (citation omitted). Accordingly, Defendants' motion to dismiss the due process claim for her purported failure to file a grievance under the CIR Agreement is denied. *Sheppard v. Zavis*, No. 11-2398, 2012 WL 2341036, at *10 (D.N.J. June 19, 2012); *see also Jasim,* 2018 WL 1122690, at *2 (denying a motion to dismiss for failure to exhaust procedures under a collective bargaining agreement).

*d. Baisre's Personal Involvement*

Finally, Defendants argue that this claim cannot proceed against Baisre because she had no personal involvement in any due process violation. Br. at 29. As discussed above, the allegations suggest that the references provided to other universities contained stigmatizing statements. Because Plaintiff asserts that Baisre was in communication with the University of Massachusetts with respect to Plaintiff's applications, FAC at 5–6, it plausibly follows that Baisre may have been the individual who provided these purported statements. Therefore, Plaintiff has sufficiently asserted Blaisre's personal involvement in the alleged due process violations. *Zucal v. Cnty. of Lehigh*, No. 21-4598, 2023 WL 3997963, at *6–7 (E.D. Pa. June 14, 2023) (permitting a stigma-plus claim to proceed against the individual defendants who allegedly made the false statements).

In sum, Plaintiff's stigma-plus claim may proceed as to both Defendants for the alleged false statements concerning Plaintiff's involvement in a lawsuit. However, the Court will dismiss without prejudice her claim based on Rutgers' provision of the "PGY-1 milestone evaluation" and Rutgers' alleged failure to provide an appeal hearing in 2019.

**C. Breach of Contract Claim**

Plaintiff alleges that Rutgers violated policies incorporated into her employment contract, including the "Residency Grievance and Appeal Policy" and "Rutgers' Transparency and Fairness

Rules." FAC at 8. She asserts that Rutgers violated the former in relation to its handling of the appeal of her non-renewal. *Id.* Plaintiff alleges that Rutgers violated the latter by providing the allegedly negative and inaccurate references. *Id.* Defendants argue that Plaintiff's breach of contract claim is untimely and that she otherwise fails to plausibly state a claim. Br. at 24–26; Reply at 7–8.

For reasons discussed below, Plaintiff's breach of contract claim is not clearly untimely. However, she only plausibly states such a claim as to asserted violations of the "Residency Grievance and Appeal Policy."

*i. This Claim Is Not Clearly Untimely*

As with Plaintiff's procedural due process claim, her breach of contract claim relates back to the original complaint. That pleading also alleged that despite appealing the non-renewal of her contract pursuant to Rutgers' grievance policy, Defendants took no action on that appeal. ECF No. 1 at 6. It also asserted that Rutgers provided the purportedly inaccurate and negative references to other residency programs. *Id.* Thus, the "facts and elements that make up the breach of contract claim" as pled in the FAC "were present and apparent" in the original complaint. *Day v. White*, No. 13-44, 2020 WL 5044141, at *7 (D.V.I. Aug. 26, 2020). Accordingly, Plaintiff's breach contract claim relates back to the date of the earlier pleading. *See Bensel*, 387 F.3d at 310 (finding that because the original complaint provided the "series of events" underpinning the amended complaint's breach of contract claim, the defendant was "unquestionably on notice that it would be held liable for" possible breaches of contract based on those events); Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--*or attempted to be set out*--in the original pleading." (emphasis added)); *Curran*, 2026 WL

1781993, at *5 ("The relation back rule is remedial and should be liberally construed and applied.").

Plaintiff's breach of contract claim is timely based on the relation back to the original pleading. In New Jersey, the statute of limitations for a breach of contract claim is six years. *Lockhart v. Dorrance Publ'g Co., Inc.*, No. 22-2929, 2023 WL 157323, at *3 (D.N.J. Jan. 11, 2023) (citing N.J. Stat. Ann. § 2A:14-1). The oldest alleged conduct underlying Plaintiff's claim occurred within six years of the filing of the original complaint on November 14, 2024, *see* ECF No. 1, as she asserts that Rutgers breached her employment contract by failing to provide her with an appeal hearing in June 2019. *See* FAC at 3–4. Therefore, Defendants' motion to dismiss the claim as untimely is denied.

*ii. Plaintiff Plausibly Alleges a Breach of Contract Claim with Respect to Her 2019 Appeal Hearing*

To state a claim for breach of contract in New Jersey, Plaintiff must sufficiently assert "(1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage." *Angelo v. Fid. & Guar. Life Ins. Co.*, No. 18-3224, 2019 WL 330521, at *3 (D.N.J. Jan. 25, 2019) (citation omitted). Defendants argue that Plaintiff has not plausibly alleged a breach of any contract because she fails to identify the contract or specific contractual provisions that she asserts Defendants violated. Br. at 25–26.

With respect to the failure to conduct an appeal hearing, Plaintiff has plausibly stated a breach of contract claim. "A 'complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached.'" *Quality Eye Assocs., LLC v. ECL Grp., LLC*, No. 22-2489, 2022 WL 2916053, at *2 (D.N.J. July 25, 2022) (citation omitted); *see also Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("[A] plaintiff must . . . specifically identify portions of the contract that were allegedly breached." (citation

omitted)). Here, Plaintiff specifically alleges that Rutgers' grievance policy, which was incorporated by reference into her employment contract, included a right to appeal the decision to not renew her contract, and that this appeal process included a right to a hearing. FAC at 3–4, 8. These allegations appear to concern Article XIII of the CIR Agreement, which is titled "GRIEVANCE PROCEDURE." Belanger Cert., Ex. C at 15–17; *see also id.*, Ex. B § 11 (providing that the grievance rights set out in Article XIII of the CIR Agreement applied to Plaintiff's employment). Plaintiff further alleges that Rutgers never provided her with this hearing. FAC at 3–4. Construing the FAC liberally, these assertions allow the plausible inference that Rutgers violated a particular provision of the CIR Agreement. *See Duffy v. Stellantis*, No. 22-6038, 2023 WL 4601034, at *4 (D.N.J. July 18, 2023) (concluding that "under the less stringent standard for pro se litigants," the plaintiffs had "pled a plausible claim for breach of contract").

With respect to her allegations concerning the breach of the "Transparency and Fairness Rules," however, Plaintiff has failed to plausibly state a claim. It is unclear what provisions Plaintiff is referring to when she alleges that Rutgers breached such rules.[7] Nor does the FAC explain how Defendants' actions violated any of these purported rules. *See Fitzgerald v. Little*, No. 25-11906, 2026 WL 710233, at *5 (D.N.J. Mar. 13, 2026) (finding a pro se plaintiff's "failure to identify how" the agreement was breached was "fatal to his breach of contract claim"); *Gage v. Preferred Contractors Ins. Co.*, No. 19-20396, 2020 WL 5107351, at *3 (D.N.J. Aug. 31, 2020) ("Failure to identify a specific provision of a contract that was breached is grounds for dismissal."); *Edwards v. PHH Mortg. Corp.*, No. 17-7807, 2018 WL 2733693, at *3 (D.N.J. June 6, 2018) (dismissing a pro se plaintiff's breach of contract claim where the plaintiff did not "specif[y] which

[7] Unlike the grievance policy discussed above, neither Plaintiff's employment contract nor the regulations incorporated therein appear to have sections concerning "Transparency and Fairness Rules." *See* Belanger Cert., Exs. B–C.

provisions of [the] contract Defendant allegedly breached or in what way it did so"). Plaintiff's opposition does not provide any clarification on the nature of these breaches. *See generally* Opp. Thus, unlike her challenge to Rutgers' failure to provide an appeal hearing, Plaintiff has failed to plausibly allege that Rutgers breached the purported "Transparency and Fairness Rules."[8]

*iii. Exhaustion of Grievance Procedures*

Defendants also argue that this claim should be dismissed because Plaintiff did not file a grievance in accordance with the CIR Agreement. As discussed above, failure to exhaust the grievance procedures in a collective bargaining agreement is an affirmative defense. Because Plaintiff need not affirmatively plead around this defense, Defendants' motion to dismiss the remaining breach of contract claim on this ground, *see* Br. at 26–28, is denied. *See Sheppard*, 2012 WL 2341036, at *10; *Jasim*, 2018 WL 1122690, at *2; *Knox v. Union Twp. Bd. of Educ.*, No. 13-5875, 2015 WL 769930, at *11 (D.N.J. Feb. 23, 2015) (denying a motion to dismiss breach of contract claims for failure to exhaust under a collective bargaining agreement because such an argument "require[d] [factual] development in discovery" and would be more appropriately addressed at summary judgment).

[8] Additionally, Plaintiff's employment contract ran for a period of July 1, 2018, through June 30, 2019. See Belanger Cert., Ex. B § 4. The actions Plaintiff complains of with respect to the "Transparency and Fairness Rules" all occurred after the expiration of her employment contract. *See* FAC at 4–6, 8 (describing her applications to other programs beginning in May 2020). It is unclear how Rutgers could be in breach of a contract that was no longer in effect. *Cannon v. Ashburn Corp.*, No. 16-1452, 2016 WL 7130913, at *8 n.6 (D.N.J. Dec. 7, 2016) ("The existence of a valid contract between the parties is an essential element of a breach of contract claim.").

In sum, Plaintiff's breach of contract claim based on Rutgers' failure to provide an appeal hearing concerning her non-renewal may proceed. However, her claim based on purported violations on the alleged "Transparency and Fairness Rules" is dismissed without prejudice.[9]

**D. CONCLUSION**

Accordingly, for the reasons stated above, **IT IS** on this 24th day of September, 2026;

**ORDERED** that the Clerk's Office is directed to re-open this matter; and it is further

**ORDERED** that Defendants' motion to dismiss (ECF No. 56) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Plaintiff's retaliation claims are **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's procedural due process and breach of contract claims may proceed to the extent permitted by the decision herein; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order. Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

---

[9] Additionally, to the extent that the FAC could be construed as asserting a breach of contract claim against Baisre, such a claim must be dismissed because Baisre was not a party to Plaintiff's employment contract. *See* Belanger Cert., Ex. B at 2; *Ogunkoya v. Rowe*, No. 15-6955, 2016 WL 11978863, at *3 (D.N.J. Apr. 21, 2016) ("It is settled law that non-parties to a contract cannot be held liable for a breach of that agreement.").

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**